Dear Ms. Smith:
You have requested an opinion of this office regarding whether the Monroe City Court must pay the $5,000 deductible on the Monroe City Court Clerk of Court's errors and omissions/professional liability policy in order to cover the cost of attorney's fees incurred defending yourself at a hearing on a Rule to Show Cause for an alleged clerical error committed by you in your professional capacity as clerk of court. According to your opinion request and our subsequent telephone conversation, the judge dismissed the lawsuit against you on the record at the hearing and there was no judgment entered against you.
It has been the consistent opinion of this office that if a local public official or employee is sued for civil damages or charged with a crime and is found not liable/guilty and the allegations arose out of the performance of his official functions, then the public body that employs that person may, but does not have to, pay or reimburse the attorney's fees and expenses for the defense of the suit, provided the expenses were reasonable and necessary. See La. Atty. Gen. Op. Nos. 10-0099, 08-0319, 07-0045, 01-94, 99-180, 94-384, 87-699, and 80-105; but see La. Atty. Gen. Op. No. 89-401, which opined that a public official acting beyond the course and scope of his duties is not entitled to attorney's fees for the defense of civil or criminal actions brought against him.
Based on the facts you presented, specifically, that the lawsuit was dismissed and there was no judgment entered against you, it is the opinion of this office that the City Court of Monroe may, but is under no legal obligation to, pay the $5,000 deductible on the clerk's errors and omissions policy in order to cover the cost of the attorney's fees you incurred defending yourself in this matter. *Page 2 
We note that legal fees should only be paid to the extent it is determined: (1) that the hourly rate charged by the public official's counsel was reasonable; (2) that the number of hours spent by counsel was reasonable and necessary; and (3) that any costs incurred by counsel were reasonable and necessary. La. Atty. Gen. Op. Nos. 10-0099, 94-369, 95-242, 98-433, 01-94, 07-0041. The determination of whether a particular amount of legal fees were reasonable in a particular case is a factual determination that our office cannot make.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By:__________________________ Lindsey K. Hunter Assistant Attorney General